UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
JAMES A. WOOLEY,                                :
                                                :    CASE NO. 5:12-CR-00106-2
            Petitioner,                         :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Doc. No. 78, 83, 88, 92]
UNITED STATES OF AMERICA,                       :
                                                :
            Respondent.                         :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action brought under 28 U.S.C. § 2255, Petitioner James A. Wooley moves, *pro se*, to vacate the sentence the Court imposed after his conviction for conspiracy to distribute crack cocaine.[1] Wooley says that (1) his counsel did not file a direct appeal from the sentence even though he asked requested one; (2) the Court wrongly imposed a two-level enhancement for possessing a firearm in connection with the drug conspiracy; and (3) the Court wrongly sentenced him as a career offender. The United States opposes Wooley's motion.[2] For the following reasons, the Court **DENIES** Wooley's motion.

### I. Factual and Procedural Background

In January 2012, Petitioner and his brother, Jonah M. Wooley, conspired to possess with the intent to distribute cocaine base, or crack cocaine.[3] On January 25, 2012, the Akron Police Department executed a search warrant on Petitioner's and his brother's residence; the Department

---

[1] Docs. 78, 88.
[2] Docs. 83, 92.
[3] Doc. 47 at 6-7.

Case No. 5:12-CR-00106-2
Gwin, J.

seized 6.5 grams of crack cocaine, a firearm, a digital scale, and other drug paraphernalia.[4/]

On March 1, 2012, a federal grand jury indicted Petitioner on one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[5/]

On July 23, 2012, Petitioner agreed to plead guilty to the charge of conspiracy to distribute cocaine base.[6/] Petitioner entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C).[7/]

Rule 11(c)(1)(C) rule allows the United States and a criminal defendant to agree on a specific sentencing range.[8/] If the court rejects the plea agreement's sentencing range, the defendant may withdraw his guilty plea.[9/] Otherwise, the court must sentence consistent with the agreement.

Wooley and the United States agreed to recommend that the Court impose a sentence of 120 months imprisonment.[10/] The parties assumed that Wooley met the criteria of a career offender under § 4B1.1 of the Sentencing Guidelines.[11/] The parties agreed that if the Court found Petitioner was not a career offender, Petitioner could withdraw his guilty plea.[12/] Wooley also agreed that "the Court must make the final determination of the applicable advisory guideline range under the

---

[4/] *Id.*
[5/] Doc. 1.
[6/] Doc. 47.
[7/] *Id.*
[8/] Fed. R. Crim. P. 11(c)(1)(C).
[9/] *Id.* 11(c)(5).
[10/] Doc. 47 at 4.
[11/]*Id.* Under § 4B1.1(a), a defendant is a Career Offender if 1) he was over 18 when he committed the offense being sentenced; 2) the offense is a crime of violence or a controlled substance offense; and 3) the defendant has two or more prior crimes of violence or controlled substance offenses.
[12/] Doc. 74 at 40-41.

Case No. 5:12-CR-00106-2
Gwin, J.

Sentencing Guidelines" and that "the Court may impose any sentence . . . provided for by law."[13]

The Court accepted the plea of guilty.[14] During the hearing, Wooley confirmed that he gave up his right to appeal his sentence if the Court imposed a sentence of 120 months incarceration.[15] Wooley also gave up his right to habeas corpus and coram nobis claims, except for claims of ineffective assistance of counsel or prosecutorial misconduct.[16]

On October 9, 2012, the Court sentenced Petitioner.[17] The Court found that the base offense level should be set at 18.[18] The Court imposed a two-level increase under U.S.S.G. § 2D1.1(b)(1) because Wooley possessed a firearm in connection with the offense.[19] The Court granted a three-level reduction for acceptance of responsibility.[20] Petitioner's adjusted offense level was 17.[21]

Finding that Wooley was a career offender under U.S.S.G. § 4B1.1, however, the Court ultimately found that Wooley's offense level should be set at 34.[22] The Court again granted the three-level reduction for acceptance of responsibility.[23] The Court set the final offense level at 31.[24]

The Court found that Petitioner's criminal history category was VI both because of his career offender status and because of his criminal history points.[25] The guidelines recommended a range

---

[13] Doc. 47 at 4-5.
[14] *Id.* at 10.
[15] Doc. 74 at 41.
[16] *Id.* at 42.
[17] Doc. 82.
[18] *Id.* at 4.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*

Case No. 5:12-CR-00106-2
Gwin, J.

of 180 to 235 months incarceration.[26]

Petitioner's counsel, Jaime P. Serrat, objected to the two-level enhancement for the firearm.[27] He acknowledged, however, that the two-level enhancement did not affect the sentence.[28]

The Court accepted the plea agreement's recommended sentence and sentenced Petitioner to 120 months of incarceration.[29] The Court told Petitioner's counsel to advise Wooley about a possible appeal and to file any notice of appeal that Wooley requested.[30] Wooley did not appeal his conviction or sentence.

On October 9, 2013, Wooley moved to vacate his sentence under 28 U.S.C. § 2255.[31] Wooley says that he was denied effective assistance of counsel because Attorney Serrat did not file an appeal that Wooley says he requested.[32] Wooley also says that the Court erred by imposing a two-level enhancement for possessing a firearm in connection with the drug conspiracy and by sentencing him as a career offender without having these facts proved to a jury beyond a reasonable doubt.[33]

The United States opposes the motion.[34] The United States says that counsel was not ineffective because Wooley never asked for an appeal.[35] The United States also says that the Court did not violate Wooley's constitutional rights by imposing the two-level increase for possessing the firearm and for sentencing him as a career offender because *Alleyne v. United States* is inapplicable

---

[26] *Id.* at 7.
[27] *Id.* at 2.
[28] *Id.*
[29] *Id.* at 7.
[30] *Id.* at 9.
[31] Doc. 78.
[32] *Id.*
[33] Doc. 88.
[34] Doc. 83.
[35] *Id.* at 11-12. The United States includes an affidavit from Petitioner's counsel. Doc. 84.

Case No. 5:12-CR-00106-2
Gwin, J.

to Petitioner's case.[36]

This motion is ripe for decision.

## II. Legal Standard

### A. Section 2255 Motion

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[37]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[38] And to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[39]

## III. Analysis

### A. Ineffective Assistance of Counsel

Wooley brings an ineffective assistance of counsel claim for counsel's failure to file an appeal that he says he requested.

---

[36] Doc. 83 at 5-9.
[37] *Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).
[38] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).
[39] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).

Case No. 5:12-CR-00106-2
Gwin, J.

Where a petitioner claims counsel's assistance was constitutionally ineffective due to counsel's failure to file an appeal when specifically instructed to do so, a movant need only establish that he requested an appeal to be filed and that the attorney failed to do so.[40/]

Petitioner Wooley, however, cannot meet this burden.  The only evidence that Petitioner Wooley has that he asked Attorney Serrat to file an appeal is the naked assertion in his petition.[41/]

Petitioner Wooley does not provide any details about his request for an appeal – he does not say, for example, when he made the request or on what grounds.  Moreover, Petitioner Wooley does not submit a sworn statement attesting that he made a request.

The Court finds that there is no factual basis to support Petitioner's claim.  The only sworn evidence in the record on this issue is Attorney Serrat's affidavit stating:

> . . . I met with Mr. Wooley within 14 days after his sentencing and counseled him on his appellate rights. . . . Contrary to his allegations Mr. Wooley never advised or instructed me to file a notice of appeal and after my visit with him following his sentencing, I have had no further contact with or communications from Mr. Wooley.

Thus, the admissible evidence shows that Petitioner Wooley never requested that Attorney Serrat file an appeal.

Where, as here, the record "conclusively shows that the petitioner is entitled to no relief," the Court need not hold an evidentiary hearing on Petitioner's claim.[42/]

Therefore, Petitioner Wooley's ineffective assistance of counsel claim fails.

---

[40/] *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)) ("[I]t is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so."); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that counsel's failure to perfect a direct appeal upon his client's request is a per se Sixth Amendment violation).

[41/] Doc. 78 at 5.

[42/] *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)(quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Case No. 5:12-CR-00106-2
Gwin, J.

### B. The Court's Alleged Sentencing Errors

Petitioner Wooley also brings two claims alleging that the Court made errors in imposing his sentence. First, Petitioner Wooley says that the Court improperly sentenced him as a career offender based in part on his past convictions for Fleeing/Eluding[43] and Aggravated Vehicular Assault. Second, Petitioner Wooley says that the Court improperly assessed a two-level enhancement for a firearm in calculating Petitioner's offense level.

As a threshold issue, as part of his plea, Petitioner Wooley waived his rights to bring habeas corpus and coram nobis claims, except for claims of ineffective assistance of counsel or prosecutorial misconduct. Recall that by pleading with his Rule 11 (C)(1)(C) agreement, Petitioner Wooley agreed he would be sentenced to 120 months of incarceration. He understood that if the Court accepted the agreed-upon sentence, he waived any right to appeal or any right to bring a post-conviction petition. Therefore, the Court need not consider the merits of Petitioner Wooley's claims.

Even if the Court reaches the merits of Petitioner Wooley's claims, however, Wooley's claims still lose.

Wooley essentially says that the rule enunciated by the Supreme Court in *Alleyne v. United States* should apply retroactively to his sentence. This is not the case. The Sixth Circuit has not interpreted *Alleyne*[44] to disturb the narrow exception from *Almendarez-Torres v. United States*[45] that allows a judge, rather than a jury, to find the fact of a prior conviction based on the

---

[43] As the United States observed in its surreply brief, Petitioner was actually convicted of Failure to Comply with Signal or Order of Police Officer, not Fleeing/Eluding. *See* Doc. 92 at 6 (citing the PSR).
[44] 133 S. Ct. 2151 (2013).
[45] 523 U.S. 224 (1998).

-7-

Case No. 5:12-CR-00106-2
Gwin, J.

preponderance of the evidence.[46]

And, Petitioner Wooley's claims have no basis in fact. In considering the merits of Petitioner Wooley's claim regarding his career offender status, the Court need not closely analyze its treatment of the two convictions that Wooley identifies in his brief. Even without either of them, Petitioner Wooley is properly categorized as a career offender: he has three other prior felony convictions.[36]

Similarly, the Court's use of the two-level enhancement for the firearm is irrelevant. Recall that the Court sentenced Wooley as a career offender and relied on that categorization to determine Wooley's offense level. Thus, the two level enhancement for the firearm did not factor into Wooley's ultimate offense level and had no impact on his sentence

### V. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Wooley's motion under 28 U.S.C. § 2255. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[37]

IT IS SO ORDERED.

Dated: January 24, 2014                s/ *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[46] *See, e.g., United States v. Keglar*, 535 Fed. App'x 494, 495 (6th Cir. 2013) (per curiam); *United States v. Wynn*, 531 Fed. App'x 596, 597 (6th Cir. 2013) (per curiam); *United States v. Lucas*, 2013 WL 6084396 (6th Cir. Nov. 20, 2013) (per curiam).

[36] *See* Doc. 55 at 7 (listing convictions making Wooley eligible for career offender status under U.S.S.G.§ 4B1.1, including Aggravated Trafficking, Possession of Controlled Dangerous Substance with Intent to Distribute, and Distribution of Cocaine Base).

[37] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).